## DONIPHAN LUMBER COMPANY *v.* WENZEL.

### Opinion delivered March 7, 1910.

1. MORTGAGES—SALES UNDER POWER—VALIDITY.—Sales under powers in deeds of trust or mortgages are scrutinized with care, and will not be sustained unless conducted with fairness, regularity and scrupulous integrity; they will be set aside upon very slight proof of fraud or unfair conduct or of any departure from the terms of the power. (Page 151.)

2. SAME—WHEN SALE UNDER POWER SET ASIDE.—A sale to a mortgagee under a power in the mortgage will be set aside where the mortgagee in possession had previously collected rents from the mortgaged premises sufficient to extinguish the debt. (Page 152.)

3. EVIDENCE—RES INTER ALIOS ACTA.—The recitals of a conveyance from a mortgagee to a third person are not evidence as against the mortgagor that the conveyance was based on a consideration. (Page 152.)

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Mitchell & Thompson,* for appellant.

1. If, as is alleged in the original complaint, Cravens became by agreement the agent of appellee's ancestor for the sole and only purpose of collecting the rents to become due him, C. A. Wenzel, and apply same to the payment of the note, then appellee's right of action is against Cravens personally, and in no event would it attach against the land.

2. Under the terms of the mortgage, the recitals in the

deed of conveyance under the power·of sale clause in the mortgage are to be taken as *prima facie* true.   If any fraud was practiced by the trustee, the mortgagee in this case, the action should have been brought and maintained against him, Cravens, while he held and occupied the land, and an innocent purchaser from him for value should be protected in the purchase.   1 Wiltsie on Mortgage Foreclosures, § 812.

3.   There is nothing in the pleadings or proof to show that the indebtedness secured by the mortgage is the only indebtedness due from Wenzel, Sr., to Cravens.   Fraud is never presumed, but even in equity must be shown by competent proof. The court's finding, therefore, that the mortgage debt was fully paid is not supported by the evidence.   9 Ark. 485; 18 Ark. 141; 22 Ark. 185-6; 20 Ark. 246.

4.   Appellant is *bona fide* purchaser for value without notice of any claim, legal or equitable, against the property, and is under the law protected in the purchase. 49 Ark. 216; 71 Ark. 34.

*J. N. Rachels,* for appellee.

1.   The debt was fully paid by use and occupation of the premises before the foreclosure was begun.   The chancellor so found, and the evidence sustains him.   The lien of the mortgage and all interest of the mortgagee were therefore extinguished.   20 Am. & Eng. Enc. of L. 1058, § 8; 18 Ark. 172; 34 Ark. 346.

2.   The purported sale under the mortgage was invalid, not being in compliance with the statute nor with the terms of the mortgage relative to notice, nor with reference to the appraisers. No recital in the deed that appraisers were appointed, or that they were disinterested householders of the county.   Kirby's Dig. § 4923; 2 Jones on Mortgages (3 ed.), § § 1822, 1827, 1830; 55 Ark. 326; *Id.* 268; 77 Mich. 273; 84 Ark. 298-304; 70 Ark. 490.

HART, J.  On the 16th day of February, 1898, C. A. Wenzel and M. E. Wenzel, his wife, executed a mortgage to J. J. Cravens on certain real estate in Cleburne County, Arkansas, to secure the sum of $125, evidenced by a promissory note due December 24, 1898.   C. A. Wenzel rented the land for the year 1898 to Tom Patterson, and then went to the Indian country for the benefit of his health.   He died there in a short time, and left surviving him the plaintiff, an infant, as his sole heir at law.

The rental value of the land was $35 per year. Patterson paid the rent for 1898 to Cravens as mortgagee in possession. Cravens continued in possession of the land and rented it out until he sold the land under the power of sale contained in the mortgage. The deed under the power of .sale contained in the mortgage was executed by Cravens to J. T. Gay on the 2d day of February, 1903. It recited that the indebtedness was due, and that no part of it had been paid; that notices of sale had been given by written notices posted in ten public places in Cleburne County for more than 30 days before the day of sale; that said land was duly appraised as required by law, and was sold to J. T. Gay for the sum of $190 more than two-thirds of its appraised value. Gay testified that he did not bid for or purchase the land at said sale, but, upon being informed that a deed had been executed to him as the purchaser and upon request of J. J. Cravens, he executed a deed to said Cravens to said land on the 2d day of February, 1903.

John Spradling and James Smith both testified that they and J. T. Gay appraised the land before it was sold, but Gay denied that he was one of the appraisers.

A deed from J. J. Cravens to Doniphan Lumber Company to said land is exhibited. It purports to have been executed on 21st day of February, 1903, and the consideration named in it is $320.

The present suit was instituted by W. F. Wenzel, a minor, by his next friend, M. E. Jacobs, against Doniphan Lumber Company in the Cleburne Chancery Court to cancel the deed from J. J. Cravens to it. J. J. Cravens and J. T. Gay were afterwards made parties defendant, but made default. The Doniphan Lumber Company answered, and denied the allegations of payment of the mortgage debt made in the complaint, and set up the defense that it was a *bona fide* purchaser without notice of the land.

The chancellor found the issues in favor of the plaintiff, and a decree was accordingly entered cancelling the deed from J. J. Cravens to the Doniphan Lumber Company, and quieting plaintiff's title.

The defendant has duly prosecuted an appeal to this court.

In the case of *Littell* v. *Grady,* 38 Ark. 584, the court, in

considering the right of a mortgagor to set aside a sale of the mortgaged property for unfairness and oppression in the sale on the part of the mortgage creditor, quoted with approval from Perry on Trusts, as follows: "Sales under powers in deeds of trust or mortgages are a harsh mode of foreclosing the rights of the mortgagor. They are scrutinized by courts with great care, and will not be sustained unless conducted with all fairness, regularity, and scrupulous integrity. Upon very slight proof of fraud or unfair conduct, or of any departure from the terms of the power, they will be set aside." After further discussion of the question, the court said: "From these considerations it is plain that the chancellor erred in supposing that he could grant no relief in the absence of proof of fraud. Less than fraud will suffice, unless we consider want of fidelity to a trust in all cases a fraud of itself."

The undisputed evidence in this case shows that the mortgagee has collected the rents from the mortgaged premises since the date of the execution of the mortgage, and that the amount of rents so collected was sufficient to extinguish the debt which the mortgage was given to secure. The evidence also shows that the mortgaged premises were purchased at the sale under the power contained in the mortgage by Cravens, the mortgagee, and that the deed was executed to J. T. Gay merely for convenience, and that Gay deeded the premises back to Cravens without any consideration therefor. Under such circumstances the sale of the property was a fraud upon the rights of the mortgagor and his heirs; and it cannot be doubted as between them the sale should be set aside.

There can be no element of estoppel in this case. The mortgagor died soon after the mortgage was executed, and before the mortgagee had collected the first year's rent. He left surviving him the plaintiff, an infant, as his sole heir at law. The suit was brought on the 13th day of May, 1907. The plaintiff at the time was 17 years of age, and is suing by his mother, M. E. Jacobs, as his next friend.

Counsel for appellant insist that, although under the facts of this case, as between mortgagor and mortgagee, the sale should be set aside, yet it is protected as a *bona fide* purchaser for value. No proof was offered to show that there was a

consideration for the conveyance from J. J. Cravens, the mortgagee, to appellant, except that the deed was introduced. The recitals of it as to the consideration are not evidence against the plaintiff, and the conveyance must be treated as voluntary. *Leonhard* v. *Flood,* 68 Ark. 162.

We find no error in the record, and the decree will be affirmed.